AMERICAN TRADING COMPANY *v.* SEPÚLVEDA, JUEZ DE DISTRITO.

SOLICITUD para que se expida mandamiento de *certiorari.*

No. 95.—Resuelto en noviembre 7, 1912.

SÍNDICO—NOMBRAMIENTO DE SÍNDICO—DISCRECIÓN DEL TRIBUNAL SENTENCIADOR.— Cuando una petición sobre nombramiento de un síndico se funda en una declaración jurada por información y creencia de que la propiedad en litigio sufría y seguiría sufriendo un perjuicio muy grande por la negligencia de la parte contraria, y esta declaración jurada es contradicha por otra declaración jurada de la parte contraria negando la negligencia y el perjuicio alegados, el Tribunal Supremo no intervendría en el ejercicio de la facultad discrecional del tribunal sentenciador al denegar el nombramiento del síndico, aun en el supuesto de que esta cuestión pudiera plantearse por medio de apelación contra la orden denegando el nombramiento del síndico.

ID.—CERTIORARI—ERROR DE PROCEDIMIENTO.—La denegatoria del nombramiento de un síndico por un tribunal en el ejercicio de su facultad discrecional, no constituye un error de procedimiento que pueda servir de base a un recurso de *certiorari.*

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Felipe Casalduc.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En este caso se presentó una solicitud interesando la expedición de un auto de *certiorari.* De los hechos que dieron ori-

gen a las cuestiones entre las partes, sólo es necesario mencionar que el peticionario, *American Trading Company*, ha presentado demanda contra los apelados para reivindicar la propiedad y posesión de una parcela de terreno comprendida en la jurisdicción de la Corte de Distrito de Mayagüez.

La peticionaria alegó en una declaración jurada que hizo, fundada en la información y creencia de su abogado, que la propiedad sufría y seguiría sufriendo un perjuicio muy grande con motivo de la negligencia del apelado, por lo que solicitó que se hiciera el nombramiento de un síndico. La corte negó la moción y la peticionaria, alegando la imposibilidad en que se encontraba de interponer apelación, estableció el presente recurso de *certiorari*.

La negligencia y perjuicio, tanto actual como futuro, se negó bajo juramento por el apelado.

Y en estas condiciones, y siendo un *affidavit* en contra del otro, esta corte no intervendrá con la discreción de la corte sentenciadora, aun cuando la cuestión pudiera ser revisada por nosotros directamente. Por tanto, el *certiorari* tendrá que ser denegado aun cuando sea por sus méritos.

El peticionario insiste en que la corte inferior fundó su sentencia en el hecho de que el solicitante no estaba comprendido en ninguna de las disposiciones del artículo 182 del Código de Enjuiciamiento Civil.

La corte, sin embargo, al negar la orden citó jurisprudencia en el sentido de que a falta de fraude u otro fundamento por el que pueda solicitarse un remedio en equidad, no se nombrará un síndico si solamente se trata de una cuestión que afecta al título y posesión de una propiedad.

Por consiguiente, es evidente que la corte negó la solicitud por considerar que no se le había presentado ningún caso en equidad. El ejercicio de su discreción por parte de la corte al negar una solicitud en que se solicita el nombramiento de un síndico, no constituye un error de procedimiento, si es que lo hubiera.

Por lo tanto, el auto de *certiorari* no precede, y debe ser anulado.

*Sin lugar la solicitud.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.